UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WRIGHT,

          Plaintiff,         Civil Action No. 21-11491

v.                                   Matthew F. Leitman
                                   United States District Judge

BRIA MORRIS, *et al.*,         David R. Grand
                                   United States Magistrate Judge

          Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS (ECF Nos. 15, 31)

On June 15, 2021, *pro se* plaintiff Willie Wright ("Wright"), an incarcerated person, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights to due process and equal protection. (ECF No. 1). Named as defendants in this action are four employees of the Michigan Department of Corrections ("MDOC") – Bria Morris, Christopher Kirkland, Cory Sharrow, and Gary Miniard (collectively, the "MDOC Defendants"). An Order of Reference was entered on August 10, 2021, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 7).

Before the Court are two dispositive motions: (1) the MDOC Defendants' Motion for Summary Judgment on the Basis of Exhaustion, filed on September 27, 2021; and (2) the MDOC Defendants' Motion to Dismiss, filed on February 7, 2022. (ECF Nos. 15, 31). Wright filed responses to these motions (ECF Nos. 33, 34, 35), and the MDOC Defendants

filed replies (ECF Nos. 37, 38).

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that: (1) the MDOC Defendants' Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 15)** be **DENIED AS MOOT**; and (2) the MDOC Defendants' Motion to Dismiss **(ECF No. 31)** be **GRANTED**.

**II.   REPORT**

**A.   Wright's Factual Allegations**

By way of background, Wright, who is incarcerated at the Saginaw Correctional Facility ("SRF"), is serving a sentence of 35-60 years for his 2010 Wayne County Circuit Court convictions for kidnapping, first-degree criminal sexual conduct, assault with intent to commit murder, and felony-firearm. *See People v. Wright*, No. 302146, 2012 WL 1314147 (Mich. Ct. App. April 17, 2012).

In his complaint, Wright alleges that there is an error regarding his past criminal history contained in the Presentence Investigation Report ("PSI") that was prepared on December 7, 2010, in conjunction with his state-court conviction.[1] (ECF No. 1, PageID.5).

---

[1] Specifically, Wright alleges that the PSI improperly categorized one of his prior offenses – for operating a chop shop – as a "high severity" felony rather than a "low severity" felony. (ECF No. 1, PageID.14).

2

Wright claims that "it is illegal for a[] defendant to be sentenced under inaccurate information[,]" and correction of the alleged error "may have changed [his] Sentencing Guidelines Range." (*Id.*, PageID.9).

It is unclear when Wright learned of this error, but he alleges that, between November 2020 and May 2021,[2] he brought this issue to the attention of MDOC Parole Agent Bria Morris, SRF Parole Agent Christopher Kirkland, MDOC Department Analyst Cory Sharrow, and SRF Warden Gary Miniard. (*Id.*, PageID.5-12). According to Wright, he asked each of these individuals to assist him in correcting the error by contacting the sentencing court, but they failed or refused to take any action on his behalf. (*Id.*). Wright alleges that the MDOC Defendants' inaction violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

**B.   Standard of Review[3]**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[2] Previously, Wright apparently had filed a motion with the sentencing court, requesting a hearing and/or re-sentencing as a result of this purported error. (ECF No. 33, PageID.161-62). That motion was denied pursuant to MCR 6.502(G). (*Id.*, PageID.162).

[3] As set forth above, the MDOC Defendants have filed both a motion for summary judgment (on exhaustion grounds) and a motion to dismiss. (ECF Nos. 15, 31). Because the Court is recommending granting the MDOC Defendants' motion to dismiss, it need not consider the merits of the MDOC Defendants' motion for summary judgment. Thus, **IT IS RECOMMENDED** that the MDOC Defendants' Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 15)** be **DENIED AS MOOT**.

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C.     Analysis**

*1.     Wright's Due Process Claim*

In his complaint, Wright alleges that the MDOC Defendants' failure or refusal to report the alleged error in his 2010 PSI to the Wayne County Circuit Court violates his constitutional right to due process under the Fourteenth Amendment.[4] (ECF No. 1, PageID.5). To state a due process claim, a plaintiff must allege the following: (1) a life, liberty, or property interest requiring protection under the Due Process clause; and (2) a deprivation of that interest (3) without adequate process. *See Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Importantly, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

A convicted individual enjoys "a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 870, 875 (6th Cir. 1990). However, courts have recognized that there is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006). Thus, the "right to due process is not abridged by the mere presence of hearsay or inaccurate information in a pre-sentence report." *Williams v. Brewer*, No. 17-10737, 2020 WL 5849017, at *9 (E.D. Mich. Sept. 30, 2020) (citing *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2d Cir. 1998)). Here, then, not only does Wright's claim against the MDOC Defendants

---

[4] Wright concedes that the MDOC lacks authority to change the PSI; however, he contends it should be required to report known errors in the PSI to the sentencing court. (ECF No. 1, PageID.14).

not arise out of the sentencing procedure itself, but because Wright had no underlying protected constitutional liberty interest in an error-free pre-sentence report,[5] the MDOC Defendants could not have violated Wright's due process rights by later failing to report an alleged pre-sentence report error. *Experimental Holdings*, 503 F.3d at 519.

In his complaint, Wright repeatedly asserts that the MDOC Defendants have a "legal duty" to report the alleged error in the PSI to the Wayne County Circuit Court. (ECF No. 1, PageID.9, 10, 12). However, he cites no state statute, regulation, policy, or procedure that requires the MDOC Defendants to act on his behalf in this respect, and the Court is aware of none. Indeed, if the Court were to impose upon the MDOC Defendants an affirmative duty to bring to the sentencing court the alleged error in the 2010 PSI on Wright's behalf, it essentially would be requiring these individuals to act as Wright's advocates, which clearly is not required under the law.

Importantly, Wright does not claim that he was prevented from raising the issue of his pre-sentence report with any court. Rather, he simply seems to be suggesting that the

---

[5] This is not at all to suggest that errors in a defendant's pre-sentence report that could impact his sentence are insignificant. Rather, *Williams* and the cases it relies on stand for the proposition that the mere existence of such an error in a pre-sentence report does not itself constitute a due process violation, provided the defendant has the opportunity to challenge the report's contents prior to sentencing. *See, e.g., Hili*, 140 F.3d at 216 ("[T]he mere presence of hearsay or inaccurate information in a [pre-sentence report] does not constitute a denial of due process. The defendant is afforded due process protection against sentencing on the basis of misinformation through his opportunity to challenge before the court any statement in the report that he contends is inaccurate."). Here, nothing in the record suggests Wright lacked such an opportunity. Moreover, to the extent Wright believes the sentencing judge erred in determining his sentence, such issues are subject to appellate review through the state court appeals process. And, once that avenue for relief is exhausted, Wright could challenge the constitutionality of his sentence through a petition for habeas corpus in federal district court. 28 U.S.C. § 2254. Indeed, Wright has filed a habeas petition in this Court that has been stayed pending exhaustion of state court remedies. *See Wright v. Winn*, Eastern District of Michigan Civil Action No. 14-13422.

6

issue will be more favorably received if it comes from the MDOC Defendants. That does not rise to a constitutional violation because the law "protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)). *See also Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("[a]lthough prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access …").

For all of the foregoing reasons, Wright fails to state a due process claim against the MDOC Defendants, and their motion to dismiss that claim should be granted.

    2.    *Wright's Equal Protection Claim*

The Fourteenth Amendment's Equal Protection Clause "protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). To state an equal protection claim, a plaintiff must adequately plead that "the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Courser v. Allard*, 969 F.3d 604, 617 (6th Cir. 2020) (quotations omitted). The Sixth Circuit has stated that "[t]he threshold element of an equal protection claim is disparate treatment; once [that] is shown, the equal protection analysis to be applied is determined by the classification used by the government decision-makers." *Scarbrough*, 470 F.3d at 260. "Of course, to establish an equal protection violation, a plaintiff must

7

establish more than differential treatment alone – a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019).

Here, Wright makes no allegation that his equal protection claim arises out of his membership in a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). In fact, Wright sets forth no allegations suggesting any form of discrimination whatsoever, much less intentional or purposeful discrimination based on a protected class. Nor does he point to any other individuals who have similarly discovered an alleged error in their PSI, for whom the MDOC Defendants have taken affirmative steps to seek a remedy. *See Bell v. Washington*, No. 21-12481, 2022 WL 2346370, at *3 (E.D. Mich. June 29, 2022) (dismissing equal protection claim where plaintiff did not allege how he was treated differently from similarly situated prisoners); *Clark v. Adams*, No. 22-104, 2022 WL 2301952, at *16 (W.D. Mich. June 27, 2022) ("Plaintiff's equal protection claims are wholly conclusory. He fails to allege any facts to demonstrate that his fellow inmates were similar in all relevant aspects. Moreover, he fails to allege facts describing how Defendants treated him differently and that they did so intentionally. Plaintiff's conclusory allegations simply do not suffice to state a claim.").

Because Wright has failed to allege that he was treated differently than a similarly situated individual, his equal protection claim lacks merit. The MDOC Defendants' motion to dismiss that claim should be granted.

### III.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that: (1) the MDOC

Defendants' Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 15)** be **DENIED AS MOOT**; and (2) the MDOC Defendants' Motion to Dismiss **(ECF No. 31)** be **GRANTED**.

Dated: August 5, 2022                     s/David R. Grand
Ann Arbor, Michigan                       DAVID R. GRAND
                                          United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2022.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager